FILED
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 1 2 2020

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CAROL HUGHES, Individually and on Behalf of All Others Similarly Situated**                                   **PLAINTIFF**

vs.                                                          No. 4:20-cv-268-LPR

**URGENT TEAM MANAGEMENT, LLC, and URGENT TEAM MANAGEMENT OF ARKANSAS, LLC**                                     **DEFENDANTS**

This case assigned to District Judge Rudofsky
and to Magistrate Judge Volpe

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Carol Hughes ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys Courtney Lowery and Josh Sanford of the Sanford Law Firm, PLLC, and for her Original Complaint—Collective Action against Urgent Team Management, LLC, and Urgent Team Management of Arkansas, LLC (collectively "Defendant" or "Defendants"), she does hereby state and allege as follows:

### I.   JURISDICTION AND VENUE

1.  Plaintiff, individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiff and all others similarly situated a

proper overtime compensation for all hours that Plaintiff and all others similarly situated worked.

2. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this Complaint. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

4. Defendant conducts business within the State of Arkansas, operating and managing urgent care clinics throughout the state.

5. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

6. Plaintiff was employed by Defendant at one of its urgent care clinics located in the Central Division of the Eastern District of Arkansas.

7. The acts alleged in this Complaint had their principal effect within the Central Division of the Eastern District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II. THE PARTIES

8. Plaintiff is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

9. Separate Defendant Urgent Team Management, LLC ("Urgent Team"), is a foreign limited liability company.

10. Urgent Team's registered agent for service is Corporation Service Company, at 2908 Poston Avenue, Nashville, Tennessee 37203.

11. Separate Defendant Urgent Team Management of Arkansas, LLC ("UTMA"), is a foreign limited liability company.

12. UTMA's registered agent for service is Corporation Service Company at 300 Spring Building, Suite 900, 300 South Spring Street, Little Rock, Arkansas 72201.

## III.   FACTUAL ALLEGATIONS

13. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

14. Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies and set schedules for their employees through unified management.

15. Upon information and belief, the revenue generated from Urgent Team and UTMA was merged and managed in a unified manner.

16. As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as a single enterprise.

17. During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in

interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, such as medical supplies and pharmaceutical drugs.

18. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

19. At all times material herein, Defendant was an "employer" of Plaintiff and similarly situated employees within the meaning of the FLSA and the AMWA.

20. Defendant owns and operates urgent care clinics in Arkansas, Tennessee and Mississippi.

21. At all times material herein, Defendant classified Plaintiff as non-exempt from the overtime requirements of the FLSA and paid her an hourly wage.

22. At all times material herein, Plaintiff and those similarly situated have been entitled to the rights, protections and benefits provided under the FLSA.

23. Defendant employed Plaintiff as an hourly-paid Advance Practice Registered Nurse ("APRN") from July of 2017 until February of 2020.

24. At all relevant times herein, Defendant directly hired APRNs to work at its urgent care clinics, paid them wages and benefits, controlled their work

schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

25. Plaintiff's duties included meeting with patients, attending to their medical needs and filling out patient charts.

26. Plaintiff and similarly situated employees regularly worked in excess of forty (40) hours per week while working for Defendant.

27. In addition to their hourly rate, Plaintiff and similarly situated employees periodically received nondiscretionary bonuses.

28. Plaintiff and similarly situated employees received bonuses if they met certain objective requirements such as exceeding a specific number of patients seen in a day.

29. These nondiscretionary bonuses were a form of compensation to Plaintiff and similarly situated employees.

30. During weeks in which Plaintiff and similarly situated employees worked over forty (40) hours, Defendant paid an improper overtime rate because Defendant determined the regular rate of pay solely based on employees' hourly rate, without including the value of the nondiscretionary bonuses that Defendant provided to Plaintiff and similarly situated employees.

31. Section 778.208 of Title 29 of the Code of Federal Regulations requires that all forms of compensation, such as nondiscretionary bonuses, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

32. Therefore, Defendant violated the FLSA by not including all forms of compensation, such as nondiscretionary bonuses, in the regular rate when calculating Plaintiff's and similarly situated employees' overtime pay.

33. Plaintiff worked at multiple locations, and Defendant's bonus policy was the same at each location.

34. Upon information and belief, Defendant's bonus policy was the same at all of its locations.

35. At all relevant times herein, Defendant has deprived Plaintiff and similarly situated employees of proper overtime compensation for all of the hours worked over forty (40) per week.

36. Plaintiff was regularly required to perform work for Defendant while she was not clocked in, including filling out patient charts.

37. Plaintiff spent about one (1) hour per day working off the clock for Defendant.

38. Plaintiff was not compensated for her time spent working off the clock filling out patient charts.

39. Defendant's failure to compensate Plaintiff for her off-the-clock work resulted in additional overtime violations.

40. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

### IV.   REPRESENTATIVE ACTION ALLEGATIONS

41. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

42. Plaintiff brings her FLSA claim on behalf of all other APRNs who received nondiscretionary bonuses and were employed by Defendant at any time within the applicable statute of limitations period, who were classified by Defendant as non-exempt from the overtime requirements of the FLSA, and who are entitled to payment of the following types of damages:

A. Payment of a lawful overtime premium for all hours worked for Defendant in excess of forty (40) hours in a week;

B. Liquidated damages; and

C. Attorney's fees and costs

47. Plaintiff proposes the following collective under the FLSA:

**All hourly-paid APRNs who earned a bonus in connection with work performed in any week in which they worked more than forty hours within the past three years.**

48. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

49. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

50. The proposed FLSA collective members are similarly situated in that they share these traits:

A. They were classified by Defendant as non-exempt from the overtime requirements of the FLSA;

B. They were paid hourly rates;

C.  They were eligible for and received bonuses;

D.  They had the same or substantially similar job duties, requirements and pay provisions;

E.  They worked over forty (40) hours in at least one week in which they received a bonus; and

F.  They were subject to Defendant's common policy of improperly calculating overtime pay for hours worked over forty (40) per week.

51.  Plaintiff is unable to state the exact number of the class but believes that there are approximately two hundred (200) other employees who worked as APRNs and received an improperly calculated overtime rate due to nondiscretionary bonuses.

52.  Defendant can readily identify the members of the Section 16(b) class which encompasses all hourly APRNs who received a bonus and worked more than forty hours in a week.

53.  The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail and email to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

### V.   FIRST CLAIM FOR RELIEF
(Individual Claim for Violation of the FLSA)

54.  Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

55.    Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

56.    29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

57.    Defendant classified Plaintiff as non-exempt from the overtime requirements of the FLSA.

58.    Defendant violated 29 U.S.C. § 207 by not paying Plaintiff a proper overtime rate of compensation for all hours worked in excess of forty (40) per week.

59.    Defendant violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including all forms of compensation, including nondiscretionary bonuses, for Plaintiff in her regular rate when calculating her overtime pay.

60.    Defendant failed to pay Plaintiff for all hours worked, including failing to pay Plaintiff an overtime rate of one and one-half (1.5) times her regular rate for all hours worked over forty in a week.

61.    Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

62.    By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

63. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI. SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

64. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

65. Plaintiff brings this collective action on behalf of herself and all hourly APRNs who were employed by Defendant and received nondiscretionary bonuses, to recover monetary damages owed by Defendant to Plaintiff and members of the putative collective for overtime compensation for all the hours she and they worked in excess of forty (40) each week.

66. 29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

67. Defendant violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including all forms of compensation, such as nondiscretionary bonuses, given to Plaintiff and those similarly situated in their regular rate when calculating their overtime pay.

68. In the past three years, Defendant has employed more than two hundred (200) hourly APRNs who were eligible for nondiscretionary bonuses.

69. Upon information and belief, Plaintiff and all or almost all APRNs who received nondiscretionary bonuses regularly worked more than forty (40) hours in a week.

70. Defendant failed to pay Plaintiff and similarly situated employees at the proper overtime rate.

71. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

72. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

73. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided for by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate

### VII.   THIRD CAUSE OF ACTION
### (Individual Claim for Violation of the AMWA)

74. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

75. Plaintiff asserts these claims for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. § 11-4-201, *et seq.*

76. At all times relevant to this Complaint, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

77. Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty in one week and to pay one and one-half times regular wages for all hours worked over

forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

78. At all times relevant to this Complaint, Defendant failed to pay Plaintiff a proper overtime premium as required under the AMWA.

79. At all times relevant to this Complaint, Defendant failed to pay Plaintiff for all hours worked, including failing to pay Plaintiff an overtime rate of one and one-half (1.5) times her regular rate for all hours worked over forty in a week.

80. Despite the entitlement of Plaintiff to overtime payments under the AMWA, Defendant failed to pay Plaintiff an overtime rate of one and one-half times her regular rate of pay for all hours worked over forty (40) in each week.

81. Defendant's failure to pay proper overtime wages was willful.

82. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the 3 years prior to the filing of this Complaint pursuant to Ark. Code Ann. § 11-4-218.

## VIII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Carol Hughes, individually on behalf of all others similarly situated, respectfully prays as follows:

A. That Defendant be summoned to appear and answer this Complaint;

B. A declaratory judgment that Defendant's practices alleged herein violate the FLSA and the AMWA;

C. Judgment for damages for all unpaid overtime wage compensation owed under the FLSA and the AMWA;

D. Judgment for liquidated damages under the FLSA and the AMWA;

E. For a reasonable attorney's fee, costs, and pre-judgment interest; and

F. Such other relief as this Court may deem just and proper.

Respectfully submitted,

**CAROL HUGHES, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

/s/ Courtney Lowery
Courtney Lowery
Ark. Bar No. 2019236
courtney@sanfordlawfirm.com

/s/ Josh Sanford
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CAROL HUGHES, Individually and on
Behalf of All Others Similarly Situated**                              **PLAINTIFF**

vs.                              No. 4:20-cv-_____

**URGENT TEAM MANAGEMENT, LLC,**                              **DEFENDANTS**
**and URGENT TEAM MANAGEMENT
OF ARKANSAS, LLC**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as an hourly-paid advanced practice registered nurse (APRN) for Urgent Team Management of Arkansas, LLC, within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for <u>unpaid wages</u>. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

_____
**CAROL HUGHES**
March 12, 2020


**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**